IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERGEY FUNYGIN, | } | |
| Plaintiff, | } } } | |
| v. | } } | CIVIL ACTION NO. H-04-4821 |
| YUKOS OIL COMPANY | } } } | |
| Defendant. | } | |

And

| | | |
|---|---|---|
| SERGEY FUNYGIN, | } } | |
| Plaintiff, | } } } | |
| v. | } } | CIVIL ACTION NO. H-05-0785 |
| AO YUGANSKNEFTEGAS and, YUKOS OIL COMPANY | } } } } | |
| Defendants. | } | |

## ORDER OR REMAND AND DISMISSAL

    Having recently adopted the Agreed Order of Consolidation of Plaintiff, Sergey Funygin (hereinafter "Funygin"), and Defendant Yukos Oil Company ("Yukos"), the court now addresses the Motion to Dismiss and the Motion to Remand filed in the two cases prior to their consolidation.  Before consolidation, Funygin had filed both a Motion to Dismiss (Civil Action No. 04-4821, Doc. 12) in the action before the court, and a Motion to Remand in the action previously before the Honorable Vanessa Gilmore (Civil Action No. 05-0785, Doc. 11), raising identical arguments in both motions.

    Although he asserted in his "Original Complaint" filed in the action before this court prior to consolidation (Civil Action No. 04-4821) that he was a resident of Houston since 1998, working for a major oil company here and holding a degree from Jones Graduate School (Civil Action No. 04-4821, Doc. 1, p. 1),  Funygin argued in his Motion to Dismiss and Motion to Remand that no diversity jurisdiction obtained over this action because Yukos is a Russian company, and because Funygin is a citizen of Russia and a permanent resident of Canada, living

in Houston but present here by virtue of a temporary non-immigrant "H1-B visa." (Civil Action No. 04-4821, Doc. 12, p. 2; Funygin Declaration, Exh. A.)

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). If both plaintiff and defendant are citizens of Russia, diversity jurisdiction would be destroyed. *See Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1151 & n.1 (5th Cir. 1985), *rev'd on other grounds*, 486 U.S. 140 (1988); *See also Jackson v. Twentyman*, 27 U.S. (2 Pet.) 136, 7 L. Ed. 374 (1829).

It is stated in 28 U.S.C. 1332(a) that "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." In determining whether someone has been admitted to the United States for permanent residence for diversity purposes, courts look to United States immigration laws. *Kato v. County of Westchester*, 927 F. Supp. 714, 715-16 (S.D.N.Y. 1996) (*citing Miller v. Thermarite Pty. Ltd.*, 793 F. Supp. 306, 308 (S.D. Ala. 1992)). "Therefore, aliens who have been accorded lawful permanent resident status under the immigration laws are considered aliens "admitted for permanent residence," while aliens admitted to the United States on temporary nonimmigrant visas are not." *Kato*, 927 F. Supp. at 716 (citing cases). Furthermore, the court in *Kato* rejected application of any multifactor "connections" analysis, nor did the court look to the immigrant's intent to determine status as "admitted for permanent residence." *Id.* at 716-17. Funygin has declared he is present in the United States on an H-1B visa (Doc. 12, Exh. A, ¶ 2), he points out that an H1-B visa is a temporary non-immigrant visa, and this is correct. *See Defensor v. Meissner*, 201 F.3d 384, 385-86 (5th Cir. 2000); *See also* 8 U.S.C.A. § 1101(a)(15)(H)(i)(b). Furthermore, Funygin argues that even if one of the foreign citizens to the suit were also a citizen of Texas, diversity would still not obtain. (Doc. 12, p. 3 (*citing A.T.X. Export, Ltd. v. Mendler*, 849 F. Supp. 283, 283 (S.D.N.Y. 1994)).

Yukos replies that diversity exists between itself, a foreign corporation, and Funygin, who Yukos asserts *is* in fact a resident domiciled in Houston, Texas, and who represented himself as a Texas citizen on the "Civil Cover Sheet" to the action he filed before *this* court. (Doc. 17, p. 2, ¶ 6 & p. 3, ¶ 10; Exh. A, "Civil Cover Sheet.") Yukos relies upon *Coury v. Prot*, for the proposition that a person's domicile is determined through analysis of a variety of factors. 85 F.3d 244, 251 (5th Cir. 1996). Yukos emphasizes that Funygin has been in this state for approximately

seven years, holds a graduate degree from an institution here, works for an oil company here, and on information and belief, holds property, keeps bank accounts, and pays taxes in this state. (Doc. 17, p.4, ¶ 13.)   However, *Prot* acknowledges that one cannot be a "citizen" of a state unless he is also a citizen of the United States; i.e., a "United States citizen" who is domiciled in a state is a citizen of that state.  85 F.3d at 248-49.  Furthermore, the court agrees with the policy determination that it is unlikely Congress intended federal courts to engage in fact-intensive, case-by-case analysis to determine whether each individual alien litigant, regardless of his official immigration status, actually intended to reside permanently in the United States.  The court agrees that Section 1332(a) "plainly directs courts to refer only to an alien litigant's official immigration status to determine if the alien was "admitted to the United States for permanent residence.""  *Foy v. Schantz, Schatzman & Aaronson*, 108 F.3d 1347, 1349 (11th Cir. 1997).   Alternatively, Yukos seeks additional time to obtain discovery from Funygin, to show that he is a permanent resident alien, and seeks a continuance until such time that Plaintiff has answered Yukos' discovery requests.  (Doc. 17, p. 4-5, ¶¶'s 14-15.)  The court accepts, however, Funygin's declaration concerning his current H1-B immigration status, which proves he is not a United States citizen who could be domiciled in Texas, a factor depriving the court of jurisdiction to address this case between foreign nationals.

Accordingly, it is hereby

ORDERED that Plaintiff, Sergei Funygin's Motion to Dismiss (Doc. 12) is GRANTED and the action originally filed before the court (Civil Action 04-4821) IS SEVERED AND DISMISSED WITHOUT PREJUDICE; additionally, Funygin's Motion to Remand (Civil Action No. 05-0785, Doc. 11 ) in the action previously before the Honorable Vanessa Gilmore and now consolidated into the action before the court, is also GRANTED and that action (Civil Action No. 05-0785) IS SEVERED and REMANDED to the 113th Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas, this 28th day of July, 2005.

                              MELINDA HARMON
                        UNITED STATES DISTRICT JUDGE